IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREENWAY STATION SPE, LLC,

                      Plaintiff,                OPINION AND ORDER

v.

                                              10-cv-302-wmc

NGC INVESTMENT GROUP, LLC
and FRANK CAPRI,

                      Defendants.

---

This is a civil action in which plaintiff Greenway Station SPE, LLC alleges that defendant NGC Investment Group, LLC breached its lease agreement with plaintiff and defendant Frank Capri breached his guaranty with plaintiff.  In its complaint, plaintiff alleges that the court has jurisdiction to decide this state law breach of contract case under the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1) (dkt. #1).  The court, however, is unable to determine whether diversity jurisdiction actually exists and, therefore, plaintiff must file an amended complaint containing the necessary allegations to establish diversity jurisdiction.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Unless a complaint raises a federal question or there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).  Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  Further, the party seeking to invoke

federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff alleges in its complaint that diversity jurisdiction exists because the amount in controversy exceeds $75,000 and the parties are diverse. (Compl., dkt. #1, ¶4.) The allegations in the complaint, however, fail to support a claim to complete diversity. Specifically, plaintiff fails to provide the relevant information necessary to determine both defendants' and its citizenship. For diversity jurisdiction to exist there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. On the record before the court, both plaintiff's and defendants' citizenship are unknown.

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Plaintiff alleges nothing about defendant NGC Investment's or its members, nor about the citizenship of the members. Instead, plaintiff alleges it is a Delaware limited liability company with its principal place of business in Middleton, Wisconsin, and that defendant NGC Investment is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. (Compl., dkt. #1, ¶¶1-2.) Where the LLCs maintain their principal places of business and where they are organized is irrelevant in deciding the citizenship of limited liability companies. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009). In amending the allegations in the complaint for those parties that are LLCs, plaintiff should keep in mind that if the *member or members* of an LLC are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members

and partners must also be provided.  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Finally, there are no allegations establishing defendant Capri's *citizenship* for jurisdictional purposes.  Plaintiff has only provided the alleged residency of Capri, while the court must know his citizenship because "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Id.*[1]  As the party invoking federal jurisdiction, therefore, plaintiff must provide sufficient factual allegations to establish that *actual* diversity exists before this court can exercise jurisdiction over this case.

ORDER

IT IS ORDERED that on or before Monday, September 6, 2010, plaintiff shall file with the court an amended complaint containing allegations sufficient to establish plaintiff's and defendants' citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

Entered this 23rd day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Plaintiff should also keep this maxim about citizenship versus residency in mind when alleging the jurisdictional facts about any of the members of the limited liability companies who are actual people.

3